IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC.<br>    *Plaintiff,*<br><br>    v.<br><br>DIMITRIS SPILIADIS a/k/a DIMITRIS<br>SPILADIS TRUSTEE FOR THE<br>SURVIVING ASSETS OF BLUE ZONE<br>HOPITALITY, LLC d/b/a BLACK OLIVE<br>d/b/a THE OLIVE ROOM d/b/a INN @ THE<br>BLACK OLVE-KITCHEN d/b/a BLACK<br>OLIVE AGORA d/b/a OLIVE INN<br>RESTAURANT, *et al.*<br>    *Defendants.* | Civil Action No. ELH-18-2600 |

**MEMORANDUM**

In this case for satellite piracy, plaintiff J&J Sports Productions, Inc. ("J&J" or the "Company"), a commercial distributor of sporting events, filed suit against defendants Dimitris Spiliadis as Trustee for the Surviving Assets of Blue Zone Hospitality, LLC d/b/a Black Olive d/b/a The Olive Room d/b/a Inn @ The Black Olive-Kitchen d/b/a Black Olive Agora d/b/a Olive Inn Restaurant ("Blue Zone"); Olive Grove Catering, Inc. d/b/a Inn at the Black Olive d/b/a The Black Olive d/b/a Olive Inn Restaurant t/a Black Olive ("Olive Grove"); Dimitris Spiliadis; Pauline Spiliadis; and Sotirios Spiliadis. ECF 1 (the "Complaint").[1] The Company asserts that defendants unlawfully intercepted and exhibited its transmission of the welterweight championship fight between Floyd Mayweather, Jr. and Andre Berto on September 12, 2015 (the "Program"), in violation of 47 U.S.C. §§ 553, 605.

---

[1] Because of the common surnames of the individual defendants, and to avoid confusion, I shall refer to the individual defendants by their first names.

1

After discovery, J&J filed "Plaintiff's Motion for Partial Summary Judgment," pursuant to Fed. R. Civ. P. 56(a). ECF 29. In particular, the Company sought summary judgment as to the liability of defendants under 47 U.S.C. § 605, for the unlawful interception of a radio communication. ECF 29. By Memorandum Opinion (ECF 42) and Order (ECF 43) of January 29, 2020, I granted in part and denied in part the Company's motion. Of relevance here, I entered summary judgment in favor of plaintiff as to the liability of Dimitris as trustee for the surviving assets of Blue Zone and as to Olive Grove.

Thereafter, Blue Zone and Olive Grove filed a "Motion To Alter Or Amend Order/ And Or Relief From A Judgment Or Order." ECF 44. The motion is supported by a memorandum of law (ECF 44-1) (collectively, the "Motion" or "Motion to Reconsider"), and five exhibits. ECF 44-2 to ECF 44-6. The Company opposes the Motion. ECF 45.

No hearing is necessary to resolve the Motion to Reconsider. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I. Procedural Background

The Company initiated suit on August 22, 2018, alleging the unlawful interception and publication of radio communications, in violation of 47 U.S.C. § 605 (Count I), and the unauthorized interception of cable communications, in violation of 47 U.S.C. § 553 (Count II). ECF 1. On September 14, 2018, the deadline for defendants to answer the suit, defendants requested a one-month extension of time to respond. ECF 6. The Court granted the request, extending the deadline to October 23, 2018. ECF 8. Defendants filed an answer on October 22, 2018 (ECF 13), and an amended answer on November 9, 2018. ECF 20.

Thereafter, the Court issued a Scheduling Order. ECF 19. Among other things, it set the discovery deadline for April 11, 2019, and May 8, 2019, as the deadline for the filing of dispositive

pretrial motions. *Id.* Pursuant to that Order, plaintiff filed a motion for partial summary judgment on May 8, 2019. ECF 29. J&J argued that it was entitled to summary judgment as to defendants' liability under 47 U.S.C. § 605 for satellite-signal piracy, asserting that there is no genuine dispute of material fact that defendants exhibited the Program without obtaining the requisite license from the Company.

On May 20, 2019, defendants requested a nine-day extension to file an opposition. ECF 30. The Court granted the request that day. ECF 32. Defendants requested a second extension of time on May 28, 2019, seeking to move the deadline to June 15, 2019. ECF 33. Again, the Court granted the request. ECF 34.

On June 17, 2019—two days after the deadline—defendants filed a three-page opposition. ECF 35. According to defendants, summary judgment was inappropriate because plaintiff's motion was "rife with contradictions, apparent misrepresentations and apparent fraud." *Id.* at 2. In particular, defendants took issue with two affidavits submitted by J&J investigators who reported that they observed the Program being exhibited at the Black Olive and the Olive Inn Restaurant. *See id.* (discussing ECF 29-5 and ECF 29-6).

Plaintiff replied on July 1, 2019. ECF 36. Thereafter, defendants requested leave of Court to file a surreply. ECF 37. The surreply (ECF 38) was supported by seven exhibits. ECF 38-1 to ECF 38-7. The exhibits included the affidavit of Dimitris as well as six affidavits describing investigations similar to those conducted by J&J's investigators. ECF 38-1 to ECF 38-7. By Order of August 9, 2019, the Court granted defendants' motion for leave to file a surreply. ECF 41.

In a Memorandum Opinion (ECF 42) and Order (ECF 43) of January 29, 2020, I granted in part and denied in part the Company's motion for partial summary judgment. In particular, I granted the motion as to Count I against Dimitris as the trustee for the surviving assets of Blue

Zone and against Olive Grove. ECF 43. But, I denied the motion as against Pauline, Sotirios, and Dimitris in his individual capacity. *Id.*

Regarding the liability of the corporate defendants, the Court found that the Company had "amply demonstrated that there is no genuine issue of material fact that Blue Zone and Olive Grove violated 47 U.S.C. § 605." ECF 42 at 11. Defendants did not challenge that the Company "had the right to exclusive nationwide commercial distribution of the Program, as reflected in the licensing agreement between J&J and the fight promoter." *Id.* at 12 (citing ECF 29-4 at 10-15). And, there was no genuine issue of material fact that the corporate defendants unlawfully intercepted and exhibited the Program. *Id.* at 12-15. First, the Court determined that, because Blue Zone and Olive Grove failed to respond to the Company's request for admissions, they were "deemed to have admitted" to the unlawful exhibition of the Program, pursuant to Fed. R. Civ. P. 36(a). *Id.* at 12.

Second, the Court proceeded to analyze the record. Notably, the Court found that "the Company has provided evidence separate and apart from the admissions" to establish the corporate defendants' liability. *Id.* at 13. I explained, *id.*:

> Blue Zone was the registered owner of two establishments located at 803 South Caroline Street. ECF 1-1 at 3-4. And, Olive Grove was the corporation listed on the liquor license for the market/café and restaurant located at that address. *Id.* at 19. Further, there is no genuine dispute of material fact that establishments at 803 South Caroline Street exhibited the Program without authorization. In their affidavits, J&J's investigators reported that they observed the Program being exhibited at the Black Olive and the Olive Inn Restaurant on September 12, 2015. See ECF 29-5; ECF 29-6. But, plaintiff avers that "[a]t no point did Defendants or their establishment ever lawfully license the Program[.]" ECF 29-4, ¶ 7. Crucially, Dimitris, the registered agent of Blue Zone and Olive Grove, admits that he did not purchase a license to show the Program, but that it was nonetheless exhibited at establishments located at 803 South Caroline Street. ECF 29-7 at 5-6.

Having reviewed the evidence set forth by the Company, I turned to examine defendants' contention that summary judgment was unwarranted due to "'contradictions, apparent

misrepresentations, and apparent fraud' in the Company's submissions." ECF 42 at 14 (quoting ECF 35 at 2). These arguments were without merit, I explained, because the inconsistencies identified by defendants "ha[ve] no bearing on the key issues in this case, *i.e.*, whether the Company held the rights to the Program, whether defendants licensed the Program, and whether they exhibited the Program." *Id.* at 15.

On February 13, 2020, Blue Zone and Olive Grove filed the Motion to Reconsider (ECF 44), along with five exhibits. ECF 44-2 to ECF 44-6. ECF 44-2 is an Affidavit of Robert N. Grossbart, Esq., counsel for defendants. ECF 44-3 contains a copy of a letter from plaintiff's counsel to Mr. Grossbart, dated October 25, 2018 (the "October 25 Letter"), indicating that "Interrogatories, Requests for Admissions, and Request for Production of Documents" were enclosed for Dimitris as trustee for Blue Zone, Pauline, Sotirios, and Dimitris in his individual capacity. ECF 44-4 contains a copy of plaintiff's Request for Admissions addressed to Olive Grove. ECF 44-5 is a copy of a letter that plaintiff's counsel sent to Mr. Grossbart, dated October 29, 2018 (the "October 29 Letter"), stating "Interrogatories, Requests for Admissions, and Request for Production of Documents" were enclosed for Olive Grove. And, ECF 44-6 contains a copy of plaintiff's Request for Admissions addressed to Dimitris Spiliadis.

## II. Standard of Review

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

5

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2-3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC-13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015). Defendants' Motion to Reconsider was filed on February 13, 2020 (ECF 44), within twenty-eight days of the filing of the Order on January 29, 2020 (ECF 43). Therefore, Rule 59(e) applies here.

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has instructed that a Rule 59(e) motion "'can be successful in only three situations: (1) to accommodate

an intervening change in controlling law; (2) to account for new evidence . . .; or (3) to correct a clear error of law or prevent manifest injustice.'" *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (alteration in *Wojcicki*) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)); *see United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206 (4th Cir. 2017); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006);

Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Nor does a Rule 59(e) motion "'enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (citation omitted); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2019) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see Pettis v. Nottoway Cty. Sch. Bd.*, 592 F. App'x 158, 161 (4th Cir. 2014). Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* WRIGHT & MILLER § 2810.1.

7

### III. Discussion

Blue Zone and Olive Grove ask the Court to reconsider its decision of January 29, 2020, claiming that a "series of innocent mistakes on the part of Defendant's counsel Robert N. Grossbart has led to a disastrous consequence." ECF 44-1 at 1. Defendants explain that Mr. Grossbart received the October 25 Letter from plaintiff, propounding interrogatories, requests for admissions, and requests for production addressed to Dimitris as trustee of Blue Zone, Pauline, Sotirios, and Dimitris personally. *Id.* at 1-2; *see* ECF 44-3. Four days later, Mr. Grossbart received "the exact same letter" from plaintiff, except that it was addressed to Olive Grove. ECF 44-1 at 2; ECF 44-5. However, because Mr. Grossbart "didn't notice the subtle difference" between the first and second letter, he failed to answer plaintiff's discovery requests on behalf of Blue Zone and Olive Grove. ECF 44-1 at 2.

According to defendants, as a result of this "mistake," the Court had "no choice" but to deem plaintiff's requests for admission admitted. *Id.* at 3. Further, they posit that the deemed admissions served as the "sole basis" for the Court's entry of summary judgment against Blue Zone and Olive Grove. *Id.* Thus, defendants maintain that withdrawal of the Court's Memorandum Opinion and Order is necessary to prevent "manifest injustice" because "[i]t is clear from the Court's opinion, that had the Request for Admissions been answered in a timely fashion, the Court could not and would not have granted Summary Judgment as to the two corporate Defendants." *Id.* at 4.

Defendants' contentions are meritless. For one thing, the October 25 Letter and October 29 Letter, each of which are just a page, are not "exact[ly] the same," as defendants claim. *Id.* at 2. Certainly, the one-sentence body of both letters is nearly identical. *Compare* ECF 44-3 ("Enclosed please find [discovery requests] for *each* Defendant listed above.") (emphasis added),

8

*with* ECF 44-5 ("Enclosed please find [discovery requests] for *the* defendant listed above.") (emphasis added). But, the defendants "listed" in each letter—directly above the salutation to Mr. Grossbart and in the center of the page—are obviously different. The October 25 Letter is addressed to Blue Zone, Dimitris, Pauline, and Sotirios; the October 25 Letter is addressed only to Olive Grove. Thus, the difference between the two letters is readily apparent.

Moreover, Mr. Grossbart's error does not explain why *both* Blue Zone and Olive Grove failed to answer plaintiff's discovery requests. According to defendants, Mr. Grossbart's failure to distinguish between the two letters led him to ignore the October 29 Letter. ECF 44-1 at 2. But, that letter was addressed only to Olive Grove. Thus, even if Mr. Grossbart's oversight accounts for Olive Grove's silence, it does not explain why Blue Zone, which was included as a party in the October 25 Letter, failed to participate in discovery. Quite simply, defendants' excuse is specious.

Further, it is difficult to understand defendants' argument that Mr. Grossbart's mistake "did not become evident until the Court's Opinion." *Id.* Plaintiff argued at length in its motion for partial summary judgment that the Court should find Blue Zone and Olive Grove liable because they failed to respond to requests for admission. ECF 29-3 at 8-10. Therefore, defendants had notice of their failure to answer the discovery requests well before the Court's ruling.

Indeed, defendants had more than enough time to attempt to cure this defect. Not only did the Court grant the defendants an additional 26 days to file an opposition, it also allowed defendants leave to file a surreply. But, instead of explaining why the Court should not deem Blue Zone and Olive Grove to have admitted liability, defendants accused plaintiff of misrepresentation and fraud. *See* ECF 35; ECF 38.

In arguing that defendants' deemed admissions were the "sole basis for granting Summary Judgment []as enumerated on page 12 of this Honorable Court's opinion," defendants also

9

mischaracterize the Court's decision. ECF 44-1 at 3. The Court expressly found "evidence separate and apart from the admissions" that established that defendants violated 47 U.S.C. § 605. *See* ECF 42 at 13. That evidence is discussed on page 13 of the Memorandum Opinion.

### IV. Conclusion

Because I am satisfied that the Court's Memorandum Opinion (ECF 42) and Order (ECF 43) were correctly entered, I shall DENY defendants' Motion to Reconsider (ECF 44).

A separate Order follows, consistent with this Memorandum.


Date: March 6, 2020 　　　　　/s/　　　　　　
　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　United States District Judge